*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-047

SEPTEMBER TERM, 2012

| | |
|---|---|
| In re R.M., Juvenile } | APPEALED FROM: |
| } | |
| } | Superior Court, Franklin Unit, |
| } | Family Division |
| } | |
| } | DOCKET NO. 41-5-08 Frjv |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Mother appeals termination of her parental rights to her son R.M., born in 2003. On appeal, she argues that the evidence does not support the court's findings that R.M.'s relationship with her is built on insecurity and fear, and that mother plays a destructive role in his life. We affirm.

R.M. is the youngest of mother's three children. In May 2008, R.M. was taken into the custody of the Department for Children and Families (DCF), and, based on the parents' admission, adjudicated a child in need of care or supervision (CHINS). The initial disposition order had a goal of reunification, but required parents to address drug-abuse, domestic-violence and mental-health issues. R.M. exhibited violent behaviors and was diagnosed with post-traumatic stress disorder (PTSD) due to the episodes of violence he had witnessed in his home. He also was diagnosed with an anxiety disorder and ADHD. He acted out both before and after visits with his parents. Parents were uncooperative in getting drug counseling or in completing domestic violence or parenting programs.

DCF filed for termination in May 2011. The court found that parents' inadequate progress and inability to sustain any improvement amounted to stagnation. The court explained that R.M.'s needs were so great that he would require dramatic improvement from parents in their parenting skills and home environment, and there was no indication parents had insight into R.M.'s needs or had exhibited an ability to create a household without trauma. The court concluded that termination was in R.M.'s best interests. In assessing the best-interests factors, the court found that R.M. feared his parents and they did not play a constructive role in his life. While R.M. has behavioral challenges and cannot be placed in a public-school setting, the court found he has improved in DCF custody and is less aggressive. He is living in a supportive and skilled foster situation and DCF is looking for an adoptive home. The court further found that R.M. needs security and highly trained care providers, and that parents will not be able to meet these needs in a reasonable period of time. Mother appeals.

Mother does not challenge the court's conclusion that there was a change of circumstances in this case due to parent's stagnation. Mother argues that the court's best-interests analysis is flawed because she claims the evidence does not support the court's findings that R.M.'s relationship with mother is "based on fear and insecurity" and that she plays a destructive role in his life. In assessing the child's best interests, the court must consider the statutory factors set forth in 33 V.S.A. § 5114. Of the factors, the most important is whether the parent will be able to resume parenting duties within a reasonable period of time. In re J.B., 167 Vt. 637, 639 (1998) (mem.). On appeal, we will uphold the family court's conclusions if supported by the findings and affirm the findings unless clearly erroneous. Id.

Mother's argument relates to two statutory factors—mother's relationship with R.M. and mother's role in R.M.'s life. 33 V.S.A. § 5114(a)(1), (a)(4). Mother argues that the court erroneously concluded that mother played a destructive role in R.M.'s life because home visits caused R.M. trauma and were harmful to him. Mother contends that while R.M.'s home visits caused R.M. stress and trauma, there was no evidence that during supervised visits with mother in the community R.M. was traumatized. She also asserts that R.M. is bonded to her, loves her and she played a constructive role in his life.

We conclude that the evidence supports the court's findings concerning the statutory best-interests factors, and there was no abuse of discretion. See In re S.B., 174 Vt. 427, 429 (2002) (mem.) (explaining that family court has discretion in termination cases and our role is not to second-guess its decision). As to R.M.'s relationship with his mother, the evidence demonstrated that R.M. did not feel safe in his parents' home because he was exposed to violence there. He returned from visits with bruises and scratches. Further, he has PTSD as a result of the neglect, violence, drug use, mental instability, and turmoil to which his parents exposed him. This evidence supports the court's finding that R.M.'s relationship with mother is based on fear and insecurity. Contrary to mother's assertion, the evidence concerning supervised visits does not undermine this finding. R.M. may not have experienced trauma during those visits, but the visits were not constructive and had to be terminated because mother did not curtail R.M.'s aggressive and dangerous behavior. There was certainly adequate evidence to support the court's finding that R.M.'s relationship with mother was built on fear and insecurity. See In re A.F., 160 Vt. 175, 178 (1993) (findings must be affirmed if supported by credible evidence).

The evidence also supports the court's finding that mother played a destructive role in R.M.'s life. The evidence demonstrated that R.M. had behavioral difficulties before and after home visits. He was aggressive and angry. Further, the violent and chaotic environment created by his parents caused R.M. to develop PTSD and severe behavioral issues. Even though, as mother emphasizes, R.M. loves his mother and termination may cause him sadness, this does not negate the court's conclusion that mother's role in R.M.'s life is not positive.

Moreover, on the most important best-interests factor—whether parents would be able to resume parenting within a reasonable period of time—the evidence strongly supports the court's finding that parents had not made any significant progress in addressing the violence, substance abuse problems, and instability that precipitated R.M. being taken into DCF custody. As the court found, R.M. "needs a stable home, consistent parenting, structure, a violence and drug free

environment and permanency." Mother is not able to provide this for R.M. and will not be able to in a reasonable period of time. This finding is unchallenged and strongly supports the court's conclusion that termination is in R.M.'s best interests.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice